```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF ILLINOIS
                        EASTERN DIVISION

Billingnetwork Patent, Inc.,   )
                               )
            Plaintiff,         )
                               )
       v.                      )    09 C 8002
                               )
Avisena, Inc., Medical         )
Management Resources, Inc.     )
Medical Practice Software,     )
Inc., VIPA Health Solutions    )
LLC, and Webdoctor, Inc.,      )
                               )
            Defendants.        )
```

MEMORANDUM ORDER

Billingnetwork Patent, Inc. ("Billingnetwork") has sued five widely scattered defendants (two from Florida, one from New York, one from Louisiana and one from California), charging each with infringement of a patent owned by Billingnetwork as assignee. This memorandum order is issued sua sponte to require Billingnetwork to dismiss four of those five defendants without prejudice, so as to proceed in this action solely against the defendant it chooses.

This is not the first time that this Court has encountered the practice of a plaintiff's counsel's attempted joinder of wholly unrelated defendants that provide products or services that assertedly infringe the same patent. This is not an instance of an appropriate joinder in which (say) one defendant manufactures, while another is a distributor of, the same infringing product. Here it would involve an impermissible

stretch of the normal meaning of language to characterize Billingnetwork as asserting a right to relief against the five defendants "with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" (Fed.R.Civ.P. 20(a)(2)(A)).[1]

So the bottom line is that Billingnetwork must pay the additional $1400 to file separate lawsuits against the four defendants that it chooses to dismiss out.  On that score, some added observations are in order if Billingnetwork chooses to bring those added lawsuits in this judicial district:

    1.   Its counsel must <u>not</u> fill out the cover sheets on those new actions as reflecting the refiling of a previously dismissed action, an entry that would cause the cases to be assigned directly to this Court's calendar rather than on a computerized random assignment basis.

    2.   No motion for reassignment on grounds of relatedness under this District Court's LR 40.4 would be appropriate, because the cases would not qualify under LR 40.4(b)(4).

    3.   This Court would see no problem with the entry of reciprocal orders in the several cases tp provide that discovery in one case would also constitute discovery in the

---

[1] If this Court were to conduct the equivalent of a <u>Markman</u> hearing as to the meaning that Rule, Billingnetwork would be the loser.

others. Such orders would obviate the need (for example) to obtain multiple discovery responses from, or to redepose, the same person or persons.

In the meantime this Court is issuing its customary initial scheduling order contemporaneously with this memorandum order. Billingnetwork's counsel is ordered to file the necessary Amended Complaint, or an amendment to the present Complaint, to comply with the directive in this memorandum order on or before January 15, 2010.

_____
Milton I. Shadur
Senior United States District Judge

Date:    January 4, 2010